C. P. WESTERFIELD *v.* P. B. MORELAND.

[Abstract Kentucky Law Reporter, Vol. 3—324, as Westerland v. More-land.]

**Levy of Execution—Right of Defendant.**

> A judgment defendant has a right to elect what property he will

retain under his exemption against an execution, and when he elects to retain a certain horse, but the sheriff levies upon and sells it first, taking an indemnity bond from the plaintiff, the debtor is entitled to recover the value of the property upon the bond given.

APPEAL FROM OHIO CIRCUIT COURT.

October 1. 1881.

OPINION BY JUDGE PRYOR:

The appellee, at the time of the levy and seizure of the horse by the sheriff, was the owner of two other horses that had been mortgaged to other creditors, and he had the right to elect which of the three he would retain under the law exempting certain property from sale under execution. The election in this case was made on the day of sale, and but for the bond of indemnity executed by the appellant no sale would have been made. It is insisted that as the appellee failed to claim the property as exempt from execution at the time of the levy, he could not afterwards reclaim it, without first substituting other property equal in value. We see no reason for such a position, and have been referred to no authority sustaining it. The sheriff taking the property under the circumstances, the debtor being present and making no election at the time, could not be treated as a trespasser ab initio, but the right of the debtor to recover the value of the property in such a case as this on the bond of indemnity is unquestioned.

Judgment *affirmed*.

*Townsend & Massie, for appellant.*

*Walker & Hubbard, for appellee.*